(49 South. 1014.)

No. 17,467.

COOK & LAURIE CONTRACTING CO. v. DENIS.

(June 7, 1909.   Rehearings Denied June 30, 1909.)

1. CONTRACTS (§ 300*)—CONSTRUCTION—STIPULATION AS TO DELAY.

Where a building contract to be performed on or before a fixed date contained a stipulation that in case of failure to complete the building the contractor should pay liquidated damages at a certain rate per diem, but should be given an extension for delays ~~not~~ due to causes or casualties beyond his control. *Held*, that the contractor was not entitled to an extension for rainy days, holidays, or for time lost by the failure of his subcontractors to furnish materials or perform work. *Held*, further, that delays caused by the owner or by the municipal authorities should be credited to the contractor.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1372–1381; Dec. Dig. § 300.*]

(Syllabus by the Court.)

2. WORDS AND PHRASES — "CASUALTY" — "FORTUITOUS EVENT."

Casualty means inevitable accident, or what Civ. Code, art. 1933, calls a "fortuitous event." A cause beyond human control may be a "fortuitous event" or "irresistible force."

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, pp. 1003–1004; vol. 8, p. 7597; vol. 3, p. 2925.]

3. WORDS AND PHRASES — "IRRESISTIBLE FORCE."

By "irresistible force" is meant such an interposition of human agency as is, from its nature and power, absolutely uncontrollable. It may result also from a cause beyond human control.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, p. 3774.]

Appeal from Civil District Court, Parish of Orleans; Frederic Durieve King, Judge.

Action by the Cook & Laurie Contracting Company against Henry Denis. From the judgment, plaintiff appeals. Amended and affirmed.

Morgan & Milner, for appellant. E. Howard McCaleb and Hall & Monroe, for appellee.

LAND, J.  Plaintiff sued for $2,062.37, being 10 per cent. commissions on the cost of

124 LA.—6

constructing a building for defendant pursuant to a written contract. The building was to be completed on or before the 1st day of October, 1906, and for failure to complete the work on or before said date plaintiff agreed to pay as liquidated damages the sum of $50 per day, but extension was to be given for delays due to causes and casualties beyond plaintiff's control. Defendant for answer averred that the work was not completed and delivered until the 12th day of November, 1906, and that the delay for 42 days was not occasioned by causes and casualties beyond plaintiff's control, and prayed for judgment in reconvention in the sum of $2,100, with interest and costs.

The cause was tried and there was judgment in favor of the plaintiff for the amount sued for, with legal interest from judicial demand, and there was judgment in favor of the defendant for the sum of $1,700, with legal interest from judicial demand, and it was ordered that each party pay the costs of his demand.

Plaintiff has appealed, and defendant for answer has prayed that the judgment be amended by increasing the amount allowed on his reconventional demand from $1,700 to $2,100, with legal interest from November 12, 1906, until paid, with costs of both courts.

The building should have been completed on or before October 1, 1906. It was not completed until November 10, 1906, and the keys were delivered on November 12, 1906.

There was therefore a delay of 40 days in the matter of the completion of the building. The judge below found that the plaintiff was responsible for a delay of 34 days, and on that basis rendered judgment in favor of the defendant for "liquidated damages" as stipulated in the contract.

The plaintiff, instead of contracting to do the work for a fixed price, agreed to construct the building on a commission basis. As a matter of fact, more than half of the work

was done directly by the plaintiff and the remainder by its subcontractors. Plaintiff was a contractor, and not a mere agent of the defendant.

The stipulations as to time of completion of the work read as follows:

"(3) We will place orders for materials and make subcontracts immediately, and use every effort possible to have this work completed on or before the 1st day of October, 1906."

"(7) For failure to complete the work on or before October 1, 1906, we are to pay as liquidated damages the sum of fifty dollars ($50) per day, but extension will be granted for delays due to causes or casualties beyond our control."

Plaintiff, an experienced contracting company, with full notice that the defendant would require the completion of the building by October 1, 1906, so that it might be leased out at the commencement of the business season, held itself out as being in a position to make very satisfactory subcontracts for material and subwork, to put a large force of men on the work immediately, and to push it through to an early completion. Having secured the work through such representations, the plaintiff contracted to complete the building on or before October 1, 1906, under a stipulated penalty, unless the delay should be due to causes or casualties beyond its control. Casualty means inevitable accident, or what the Civil Code calls a "fortuitous event." Article 1933. A cause beyond human control may be a "fortuitous event" or "irresistible force." By the latter is meant such an interposition of human agency as is, from its nature and power, absolutely uncontrollable. See Bouvier, verbo "Casualty." Under article 1933 of the Civil Code, "a fortuitous event or irresistible force" which hinders the debtor from giving or doing what he has contracted to give or do absolves him from damages for the inexecution of the contract. But the same article excepts the debtor in default who has by his conduct expressly or impliedly undertaken the risk of the fortuitous event or of the irresistible force. It has been held that a debtor assumed the risk of the usual freezing of navigable waters during the winter season. Eugster & Co. v. West & Co., 35 La. Ann. 119, 48 Am. Rep. 232. Hence, the usual changes of weather afford no excuse for the inexecution of a contract to perform work on or before a certain date. It goes without saying that a debtor cannot excuse the inexecution of his own contract by pleading the negligence of his own subcontractors.

The above considerations dispose of all the excuses for delay based on rainy days, the usual holidays, and the failure of plaintiff's subcontractors to seasonably perform their contracts. All such matters may be foreseen and provided against, and are at the risk of the contractor.

The substitution of wooden for iron window frames was made at the outset at the suggestion of the contractor in order to prevent delay in the completion of the building. If he had requested the extension of time on this score, it would doubtless have been refused, as time was an essential element of the contract from the standpoint of the defendant.

The four days' delay caused by the failure of the defendant to furnish water for concrete work is sustained by the evidence and should be deducted.

The four days' delay caused by the action of the municipal authorities in forbidding the temporary use of any part of Canal street for building purposes is also sustained by the evidence. This item presents a case of vis major, and should be deducted.

The building having been actually completed and accepted November 10, 1906, the total delays amount to 40 days, from which should be deducted 8 days, leaving 32 days at $50 per diem as the measure of plaintiff's liability to defendant on his reconventional demand.

As to the matter of costs, we think that the defendant should pay the costs of the main demand, and the plaintiff the costs of the reconventional demand.

It is therefore ordered that the judgment appealed from be amended by reducing the judgment in favor of the defendant from $1,700 to $1,600, and by condemning the defendant to pay the costs of the main demand and the plaintiff to pay the costs of the reconventional demand, and that, as thus amended, the said judgment be affirmed. And it is further ordered that the defendant pay costs of appeal.